**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HEART MOUNTAIN IRRIGATION
DISTRICT,

Plaintiff-Appellant,

v.

ARGONAUT INSURANCE CO.,

Defendant-Appellee.

No. 08-8018
(D.C. No. 1:07-CV-00136-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

Heart Mountain Irrigation District (Heart Mountain) brought this diversity

suit claiming Argonaut Insurance Company (Argonaut) had a duty to defend Heart

Mountain employee James Flowers in a state tort action brought against him for

an assault he allegedly committed while on the job.  Viewing Heart Mountain's

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pleadings in light of the Argonaut policy and the allegations in the underlying complaint against Mr. Flowers,[1] the district court concluded that Heart Mountain had not stated a claim upon which relief could be granted. Heart Mountain now appeals the district court's order of dismissal. We review that decision de novo, *Anderson v. State Farm Mut. Auto. Ins. Co.*, 416 F.3d 1143, 1147 (10th Cir. 2005); *see Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), and affirm for the reasons stated below.

The complaint in the underlying tort action alleged that, while acting within the scope of his employment,

> FLOWERS, without justification, attacked [the plaintiff], striking him repeatedly with a shovel which Defendant FLOWERS ha[d] retrieved from his vehicle. During the attack, [the plaintiff] was knocked to the ground and his arm was broken when, as he lay on the ground, he raised his arm to protect his head from the shovel being wielded by defendant FLOWERS.

App. Vol. I at 38. Heart Mountain notified Argonaut about the suit and requested that it defend Mr. Flowers under a general liability policy in which Argonaut had agreed to "pay those sums that the insured [including employees acting in the scope of employment] becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies . . . [and] to defend the insured against any 'suit' seeking those damages." *Id*. at 115.

---

[1] The district court properly considered these additional materials in conjunction with the pleadings in this case. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

Argonaut refused to defend Mr. Flowers, and later moved to dismiss this action, arguing that its policy did not apply to the assault alleged in the tort suit, for two distinct reasons. First, the policy "applies to 'bodily injury' . . . only if . . . [it] is caused by an 'occurrence,'" *id.*, which "means an accident," *id.* at 126, and the assault was not an "accident" as that term is defined in the pertinent state case law. Second, the policy also excludes from coverage "'[b]odily injury' . . . expected or intended from the standpoint of the insured," *id.* at 115, and the injury inflicted by Mr. Flowers in the assault was clearly intended, or at least expected, by him. In conjunction with both points Argonaut invoked the established state-law principle that an insurer's duty to defend is determined by reference to the factual allegations of the complaint in the underlying suit. *See Lawrence v. State Farm Ins. Co.*, 133 P.3d 976, 980 (Wyo. 2006) (citing *Matlack v. Mtn. W. Farm Bureau Mut. Ins. Co.*, 44 P.3d 73, 80 (Wyo. 2002)); *Reisig v. Union Ins. Co.*, 870 P.2d 1066, 1068 (Wyo. 1994).

Heart Mountain challenged Argonaut on both points, arguing that the underlying tort suit fell within the policy's threshold coverage provision and did not trigger the exclusion. As to the coverage provision, Heart Mountain noted that any doubt must be resolved in favor of the insured in duty-to-defend cases, *see Lawrence*, 133 P.3d at 980, and argued that the term "accident" was at least potentially broad enough to include Mr. Flowers' conduct. As to the exclusion, which incorporated an exception for bodily injury "resulting from the use of

reasonable force to protect persons," App. Vol. I at 115, Heart Mountain argued that the exception applied because Mr. Flowers raised self-defense in his response to the claims in the tort suit. More broadly, Heart Mountain contended that the district court should look not only to the underlying tort complaint but also to Mr. Flowers' answer in determining whether the policy obligated Argonaut to defend him in the suit.

The district court agreed with Argonaut in all material respects. Looking solely to the factual allegations of the underlying complaint, the court held that Mr. Flowers' conduct could not be characterized as an "accident" and hence was not covered by the policy. Alternatively, the court held that the alleged incident fell within the exclusion for expected or intended bodily injury and that the exception to this exclusion was not triggered by Mr. Flowers' claim of self-defense because that did not appear in the complaint.

Heart Mountain argues at length that the court's review of the underlying suit in duty-to-defend cases should extend beyond the complaint to include the responsive pleadings filed by the insured. But we are not at liberty to depart from the rule established by the state case law, which repeatedly refers in exclusive fashion to the facts alleged in the underlying complaint. *Lawrence*, 133 P.3d at 980, 981; *Matlack*, 44 P.3d at 77, 78, 80; *Reisig*, 870 P.2d at 1068, 1069.

Heart Mountain does, however, note a potentially distinguishing aspect of this case, regarding the exception to the intended/expected injury exclusion where

the insured has used reasonable force to protect persons.  Unlike typical coverage provisions, which turn on the nature of the *claims asserted against the insured* and hence are aptly judged by the allegations in the complaint, this exception arguably turns on the substance of the *insured's defense to suit* and hence may be more aptly judged by the insured's responsive pleadings than by the complaint. There is no state authority directly on this point, as the cases restricting review to the underlying complaint involve claim-related coverage provisions and do not consider the question in regard to defense-related provisions like the exclusion exception here.

Of course, this effort to distinguish the case law restricting review to the underlying complaint concerns only the exception to the policy's exclusion for intended/expected bodily injury.  The district court's alternative rationale for rejecting a duty to defend here, based on the unconditional threshold limitation of the policy to accidental occurrences, involves a coverage provision to which the established rule restricting review to the underlying complaint clearly applies. Because (as we explain next) the duty-to-defend claim was properly dismissed on this rationale, we affirm the district court's decision without addressing the more complicated issues surrounding the exclusion.

The Wyoming Supreme Court has made it clear that the term "accident" in liability policies does not encompass an insured's intentional tortious acts:  "The intentional act makes it impossible to define the conduct as an 'accident,' and it,

therefore, is not an 'occurrence' covered by the policy." *Reisig*, 870 P.2d at 1070; *see Matlack*, 44 P.3d at 77; *First Wyo. Bank, N.A. v. Cont'l Ins. Co.*, 860 P.2d 1094, 1100 (Wyo. 1993). And in this regard the "analysis must focus on the *facts* alleged in the complaint . . . , not on the *label* . . . applied to a particular cause of action." *Matlack*, 44 P.3d at 78 (emphasis added). Hence, if the factual allegations in the underlying complaint reflect intentional conduct by the insured, the denomination of any of the claims for relief as "negligence" claims does not "magically transform[] [the character of the action] and thereby create a duty to defend." *Id.* at 80; *see First Wyo. Bank*, 860 P.2d at 1099.

These principles lead to the inescapable conclusion that the suit against Mr. Flowers did not involve an accident and hence did not require Argonaut to defend under the policy. The key factual allegation, that "FLOWERS, without justification, attacked [plaintiff], striking him repeatedly with a shovel," App. Vol. I at 38, involves patently intentional conduct. Although the victim supplemented his claim for assault and battery with a nominal "negligence" claim (by adding the conclusory legal incantation that Flowers "fail[ed] to comply with the duties of care owed to the Plaintiff" by assaulting him, *id*. at 39), that did not alter the non-accidental character of the conduct for which relief was sought.

Heart Mountain, of course, contends that Mr. Flowers acted in self-defense, but that does not avail it on the threshold question of a covered occurrence. The unconditional provision requiring an occurrence/accident does not include any

exception for self defense. And, in any event, the allegations of the underlying complaint—which under controlling state law govern the application of this coverage provision—clearly do not provide any factual basis for attributing the assault and battery by Flowers to self-defense.

In sum, there was no potential basis for coverage and hence no duty to defend under the policy. Certification of these matters to the Wyoming Supreme Court, as now requested by Heart Mountain, is unnecessary.

Heart Mountain's motion to certify is DENIED and the judgment of the district court is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge